UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TUESDAY HALE, guardian on behalf of V.D., a minor, et al., | ) ) | CASE NO. 1:16CV583 |
| Plaintiffs, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) | OPINION AND ORDER |
| CLEVELAND METROPOLITAN SCHOOL DISTRICT, et al., | ) ) ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #5) of Defendants, Cleveland Metropolitan School District, Academic Superintendent Warren Morgan and Principal Adrianna Chestnut, to Dismiss. For the following reasons, the Motion is granted in part as to the federal causes of action. The Court declines to exercise supplemental jurisdiction over the remaining state claims. The above-captioned matter is remanded to Cuyahoga County Common Pleas Court for further proceedings.

**I. FACTUAL BACKGROUND**

On March 9, 2015, V.D., age 14, was in her scheduled gym class when an unattended second grade female entered the gym. V.D. and the second grader began to play. According to the Complaint, the second grader fell, lost a tooth and chipped another. V.D. took her to the school nurse.

The guidance counselor instructed V.D. to see the principal, Adrianna Chestnut. During their meeting, Chestnut attempted to phone V.D.'s legal guardian, Plaintiff Tuesday Hale, to inform her that V.D. was being suspended for the incident in the gym. After at least

two unsuccessful attempts to reach Tuesday Hale, Chestnut went through V.D.'s school record for emergency contacts. Chestnut noticed that V.D.'s other sister is Teffanie Hale. Chestnut was in a romantic relationship with the father of Teffanie Hale's child. According to the Complaint, Chestnut sent the man a text: "Guess who just got suspended" and attached a photo of V.D.'s school emergency contact record.

After V.D.'s family met with school officials, the suspension was lifted. The family wanted the principal removed from the campus, fearing retaliation against V.D. However, the superintendent only agreed that the principal would have no contact with V.D. and that the assistant principal would step in when needed.

Nonetheless, after V.D. returned to school in April, Chestnut "snapped" at V.D. in front of the entire class and ordered her to apologize to a faculty member. The assistant principal stood by and did nothing.

V.D. alleges that she did nothing wrong and was wrongfully suspended. She also claims that she was bullied in violation of the law and school policies. She further alleges that the search of her personal record and files was unreasonable and the text message was a breach of confidentiality and privacy.

Plaintiffs originally filed their lawsuit against Defendants in state court; but the matter was removed to U.S. District Court on March 10, 2016 based upon federal question jurisdiction. Plaintiffs' Complaint contains thirteen Counts: I. Violation of the Fourteenth Amendment of the United States Constitution – Substantive Due Process; II. Violation of the Fourth Amendment of the United States Constitution – Unreasonable Searches; III. Unlawful Policy, Practice or Custom in Failing to Respond to Bullying, Harassment and

Assault; IV. Unlawful Policy, Practice or Custom in Failing to Respond to Violations of the Fourth Amendment Right to be Free from Unreasonable Searches; V. Negligence/Gross Negligence; VI. Breach of Duty of Care and Supervision; VII. Intentional Infliction of Emotional Distress; VIII. Negligent Infliction of Emotional Distress; IX. Violation of R.C. § 2307.44 Hazing/Bullying; X. Violation of R.C. § 2151.421 Failure to Report Child Abuse; XI. Assault; XII. False Light/Invasion of Privacy; and XIII. Loss of Consortium.

Defendants have moved for dismissal pursuant to Fed.R.Civ.P. 12(b)(6).

## II. LAW AND ANALYSIS

**Standard of Review**

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S.Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)).

The Court should disregard conclusory allegations, including legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555; *J & J Sports Prods. v. Kennedy*, No. 1:10CV2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D.Ohio Nov. 3, 2011).

"Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations ... a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable ..." *Twombly*, 550 U.S. at 556.

**Count I – Substantive Due Process**

In Count I, Plaintiffs allege that Defendants' actions constituted violations of their substantive due process rights. Plaintiffs complain that V.D. was wrongfully suspended and that she was bullied and harassed by the principal. Also, Plaintiffs allege that Defendants' failure to intervene on behalf of V.D. and retaliation against her upon her return to school were "reprehensible" and "shocking to the conscience." (Complaint, ECF DKT #2-2, ¶ 24). Plaintiffs further describe Defendants' constitutional violations as follows:

> These rights include [V.D.'s] right to life, liberty, familial relationship, education, and freedom from government actions that shock the conscience, as well as the right of Tuesday Hale her guardian to the familial relationship, companionship, care, custody and management of her child, including the right to control her education.
>
> Defendants had actual knowledge that the bullying, harassment, assault/battery, and discrimination [V.D.} suffered was so severe that it

>     deprived [V.D.] of the rights, privileges, or immunities secured by the
>     Substantive Due Process Clause of the Fourteenth Amendment.
>
> (Complaint, ECF DKT #2-2, ¶¶ 21-22).

The substantive due process guarantee protects against government power arbitrarily and oppressively exercised. *Daniels v. Williams*, 474 U.S. 327, 331 (1986). For more than a half a century, the Supreme Court has described that level of abuse of power as that which shocks the conscience. *Rochin v. California*, 342 U.S. 165, 172-173 (1952) (finding the forced pumping of a suspect's stomach enough to offend due process as conduct "that shocks the conscience" and violates the "decencies of civilized conduct."). In *Breithaupt v. Abram*, 352 U.S. 432 (1957), the Supreme Court repeats the principle that conduct that "'shocked the conscience' and was so 'brutal' and 'offensive' that it did not comport with traditional ideas of fair play and decency" would violate substantive due process. *Id* at 435.

Substantive due process serves the goal of preventing "governmental power from being used for purposes of oppression," regardless of the fairness of the procedures used. *See Daniels*, 474 U.S. at 331. Substantive due process serves as a vehicle to limit various aspects of potentially oppressive government action. *Id.* It serves as a check on official misconduct, which although not infringing on a fundamental right, is so literally "shocking to the conscience," as to rise to the level of a constitutional violation. *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir.1996).

A citizen, however, does not suffer a constitutional deprivation every time he is subjected to some form of harassment by a government agent. *Parate v. Isibor,* 868 F.2d 821, 833. The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a

deprivation of constitutional rights." *Id*. A plaintiff may bring a substantive due process claim by establishing: (1) an affirmative act by the State that either created or increased the risk that the plaintiff would be exposed to private acts of violence; (2) a special danger to the plaintiff created by state action, as distinguished from a risk that affects the public at large; and (3) the requisite state culpability to establish a substantive due process violation. *Schroder v. City of Fort Thomas,* 412 F.3d 724, 728 (6th Cir. 2005).

In an educational setting, to demonstrate that a student's punishment violated a student's substantive due process rights typically requires proof that "the force applied caused injury so severe, was so disproportionate to the need presented, and was so inspired with malicious or sadism rather than merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience." *Ellis, ex rel. Pendergrass v. Cleveland Municipal School District*, 455 F.3d 690, 700 (6th Cir.1996), citing *Webb v. McCullough*, 828 F.2d 1151, 1158 (6th Cir.1987).

The Court finds that Plaintiffs' Complaint does not contain sufficient facts to allow the reasonable inference that Defendants are liable for substantive due process violations. The allegations do not describe conduct which is so severe that it goes beyond the reaches of ordinary tort or Ohio statutory law. The Complaint does not contain sufficient facts, accepted as true, that Defendants created or increased a risk or danger to which V.D. was exposed in school. The allegations are insufficient to plausibly suggest that Defendants knew about any harassment or bullying endured by V.D., yet failed to act. According to the Complaint, the principal encountered and spoke to V.D. on two occasions; but the allegations are insufficient to show a pattern of harassing or bullying about which school district officials should have

been aware.

Accepting all the allegations of Count I as true, they do not demonstrate conduct by Defendants which shocks the conscience, which is brutal or offensive or which does not comport with traditions of fair play and decency so as to violate substantive due process guarantees.

**Count II – Unreasonable Searches**

In Count II, Plaintiffs allege that V.D. suffered from an unreasonable search when the principal looked at her contact information in order to reach someone other than V.D.'s legal guardian. In addition, the acts and omissions of Defendants created and/or increased the risk that V.D. would be victimized because of her personal information and school record. Paragraph 38 of the Complaint (ECF DKT #2-2) recites:

> Defendants had actual knowledge that the search of her school records to be used for personal vindictive purposes to intentionally injure [V.D.] through breach of confidentiality, bullying, harassment, assault, and retaliation was so severe that it deprived [V.D.] of the rights, privileges, (*sic*) to be free from such unreasonable searches secured by the Fourth Amendment.

The legality of a search of a student under the Fourth Amendment depends upon the reasonableness of the search under all the circumstances. *New Jersey v. T.L.O.*, 469 U.S. (1985). There is a two-part test for the reasonableness of a school search: "(1) was the search justified at its inception, and (2) was the search reasonably related in scope to the circumstances justifying the search." *Knisley v. Pike County Joint Vocational School District*, 604 F.3d 977, 979 (6th Cir.2010), quoting *Beard v. Whitmore Lake School District*, 402 F.3d 598, 603-604 (6th Cir.2005). "Such a search will be permissible in its scope when the measures adopted are reasonably related to the objectives of the search and not excessively

intrusive in light of the age and sex of the student and the nature of the infraction." *T.L.O.*, 469 U.S. at 341-342.

When a student is disciplined and sent home under suspension, it is permissible (even necessary) for the principal to access that student's file for contact information. The facts set forth in Plaintiffs' Complaint illustrate that Principal Chestnut's search of V.D.'s academic file was not excessively intrusive and was reasonably related to the objective of learning V.D.'s parent's or guardian's phone number. The principal did learn information from V.D.'s file which was of personal interest to her. However, acquiring that information was not the objective of the search. Count II of Plaintiffs' Complaint does not set forth a plausible claim for violation of Plaintiffs' Fourth Amendment right to be free from unreasonable searches and seizures.

**Counts III and IV – *Monell* claims**

In Count III, Plaintiffs allege: "Defendants' actions and omissions reflect their toleration of a widespread policy, practice or custom of failing to adequately respond and/or negligently responding to bullying, harassment and assault/battery so as to safeguard the constitutionally protected rights of students and putting its officials in a place where they must check student records that lead to bullying." (Complaint, ECF DKT #2-2, ¶ 52).

In Count IV, Plaintiffs allege that Defendants' conduct "reflects their toleration of a widespread policy, practice or custom of failing to adequately respond to violations of the Fourth Amendment to be free from unreasonable searches so as to safeguard the constitutionally protected rights of students." (Complaint, ECF DKT #2-2, ¶ 64). Further, the Complaint recites:

> This policy, practice or custom condoned, fostered, encouraged, acquiesced in and tacitly approved of the unconstitutional response, and lack of response, of Defendants to the unreasonable search of [V.D.'s] school records finding an improper suspension and then sending her back to school where she could be retaliated against by the persons making the unreasonable search. *Id*. at ¶ 65.

Municipalities, counties and other governmental entities cannot be held liable for an injury inflicted solely by its employees or agents unless there is a direct causal link between a municipal policy or custom and the alleged constitutional tort. *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A plaintiff must "show [] that the unconstitutional policy or custom existed, that the policy or custom was connected to the county [or other government entity], and that the policy or custom caused his constitutional violation." *Napier v. Madison County, Ky.*, 238 F.3d 739, 743 (6th Cir.2001). A municipality is not liable for the conduct of its non-policymaking employees who act contrary to the policies of the municipality. *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir.2005); *Mansfield Apt. Owners Ass'n v. City of Mansfield*, 988 F.2d 1469, 1475 (6th Cir.1993).

Plaintiffs' allegations in Counts III and IV are formulaic and merely mirror the elements of a *Monell* cause of action. The recitations in Count III deal with torts including bullying, harassment and assault/battery. Even construing Count III in a light most favorable to Plaintiffs, the Court finds that the factual allegations do not support a deprivation of Plaintiffs' constitutional rights resulting from any custom, policy or practice of Defendants. As for Count IV, the Court has already determined that there is no plausible claim for violation of Plaintiffs' Fourth Amendment right to be free from unreasonable searches. Thus, there is no causal link between a policy or custom of Defendants and a constitutional

violation. Even if the Complaint sets forth plausible factual allegations that Principal Chestnut bullied or harassed V.D. and invaded her privacy, a governmental entity, like the Cleveland Metropolitan School District, cannot be sued for an injury inflicted solely because it employed a tortfeasor. *Monell*, 436 U.S. at 691.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #5) of Defendants, Cleveland Metropolitan School District, Academic Superintendent Warren Morgan and Principal Adrianna Chestnut, to Dismiss is granted in part as to the federal causes of action in Counts I, II, III and IV. The Court declines to exercise supplemental jurisdiction over the remaining state claims. Therefore, the above-captioned matter is remanded to Cuyahoga County Common Pleas Court for further proceedings.

**IT IS SO ORDERED.**

                                           **s/ Christopher A. Boyko**
                                           **CHRISTOPHER A. BOYKO**
                                           **United States District Judge**

Dated: February 13, 2017